# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11282
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 28, 2019
Lyle W. Cayce
Clerk

MARLENE WEAVER MITCHELL,

    Plaintiff - Appellant

v.

TARRANT COUNTY COURT AT LAW #1,

    Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-563

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

After losing a forcible detainer proceeding brought against her, Marlene Mitchell sued the County Court at Law No. 1 of Tarrant County, Texas. She alleged that the County Court mishandled various financial instruments she submitted—amounting, in her eyes, to a violation of federal law. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11282

court dismissed her claim under the *Rooker-Feldman* doctrine, concluding that Mitchell was merely attempting to relitigate her loss in state court.

"[W]e may 'affirm on any ground supported by the record, including one not reached by the district court.'" *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).  The district court did not lack jurisdiction under the *Rooker-Feldman* doctrine because Mitchell is seeking relief that the County Court could not have granted—title to the foreclosed property.  *See, e.g., Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.—Dallas 2007, no pet.).  But, because her claims seem to rely solely on the legally unfounded "redemptionist theory," we conclude that her claims fail on the merits.  *Cf. Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (explaining the "redemptionist theory").  Accordingly, we affirm the district court's dismissal because Mitchell "fail[ed] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).